UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Clara R. Smit (NJ #060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff

------------------------------------------------------x
SCOTT BIRNBAUM,                              :
an individual,                                           :         CASE NO.:
                                                                 :
           Plaintiff,                                        :
                                                                 :
vs.                                                             :
                                                                 :
                                                                 :
                                                                 :
IHOP PROPERTIES, INC,                          :
                                                                 :
           Defendant.                                    :
------------------------------------------------------x

## COMPLAINT

Plaintiff, SCOTT BIRNBAUM, by and through his undersigned counsel, hereby files this Complaint and sues IHOP PROPERTIES, INC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331

1

and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, SCOTT BIRNBAUM, is a resident of Union County, New Jersey. MR. BIRNBAUM resides at 41 Hillside Avenue, Springfield, New Jersey.

4. MR. BIRNBAUM is a qualified individual with a disability under the ADA. MR. BIRNBAUM has been diagnosed with spina bifida.

5. Due to his disability, MR. BIRNBAUM is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. BIRNBAUM is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, IHOP PROPERTIES, INC (hereinafter referred to as "IHOP") is a corporation organized in the state of California and authorized to do and doing business in Union County, New Jersey.

7. Upon information and belief, IHOP can be contacted at its registered agent located at:

> c/o The Corporation Trust Company
> 820 Bear Tavern Road
> West Trenton, New Jersey 08628

8. Upon information and belief, IHOP is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: the Ihop Restaurant located at 2460 Route 22, Center, Union, New Jersey 07083 (hereinafter referred to as "the Property").

9. Upon information and belief, DEFENDANT operates the Property under Title III of the ADA.

10. DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in Union County, New Jersey.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. BIRNBAUM realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 2460 Route 22, Center, Union, New Jersey 07083.

14. Upon information and belief, MR. BIRNBAUM has visited Property and desires to visit the Property again in the near future.

15. Upon arriving at the Property, MR. BIRNBAUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 19.

16. MR. BIRNBAUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 19.

17. MR. BIRNBAUM lives within a close geographic proximity of the Property. MR. BIRNBAUM lives just over one mile from the Property.

18. MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

19. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to

the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

    A.    The accessible route within the dining area is obstructed by tables and chairs;

    B.    The locking mechanism in the men's restroom requires a grasping and twisting motion and is also too high off the finished floor;

    C.    There exists a wall less than 18" from the pullside of the men's restroom door;

    D.    The garbage can in the men's restroom blocks the path of exit;

    E.    The exit door and also the benches block the accessible route on the facility's promenade;

    F.    One of the access aisles that serves a designated-accessible parking space is not connected to a curb cut;

    G.    The sole accessible route at the facility has an impermissible curb cut;

    H.    The bricked portion of the facility's promenade has an impermissible cross-slope, most notably in front of the main entrance of the facility; and

    I.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

20. Upon information and belief, all barriers to access and ADA violations still exist and

      have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

21. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

22. Upon information and belief, removal of the barriers to access located on the Property would provide MR. BIRNBAUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

23. Independent of his intent to return as a patron to the Property, MR. BIRNBAUM additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

24. MR. BIRNBAUM continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 20 are removed.

25. MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to bring its Property into an accessible condition.

26. MR. BIRNBAUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BIRNBAUM is entitled to have his reasonable attorneys' fees, costs, and litigation expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

**COUNT II - VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

27. Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

29. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

30. As a result of the aforementioned discrimination, MR. BIRNBAUM has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

WHEREFORE, MR. BIRNBAUM demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order awarding MR. BIRNBAUM damages, as provided for under N.J.S.A. 10:5-5;

    D. That this Court enter an Order directing DEFENDANT to provide accessible policies and procedures related to disabled patrons and customers;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BIRNBAUM; and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

s/Clara R. Smit
Clara R. Smit (NJ # 060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff